HURWITZ, Vice Chief Justice,
dissenting.
¶ 18 At the State’s request, the Court today independently reviews the death sentence imposed by the superior court and concludes that the mitigation is not sufficiently substantial to warrant leniency in light of the aggravating circumstances. I do not quarrel with the substance of that determination. I have reluctantly concluded, however, that given the procedural morass created in this case by the Ninth Circuit, the Court’s action today is not constitutionally permitted.
¶ 19 In Ring v. Arizona, the Supreme Court held that a jury, not a judge, must find the aggravating circumstances that make a defendant eligible for a death sentence. 536 U.S. 584, 609, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). Here, a judge found those aggravating circumstances. Ring applies to all cases in which the defendant’s sentence is still subject to direct appellate review and therefore not “final.” See Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Absent the federal ha-beas proceedings in this case, I would agree with the Court that the direct review process concluded when the Supreme Court of the United States denied Styers’ petition for a writ of certiorari from our opinion affirming his convictions and sentences. See Styers v. Arizona, 513 U.S. 855, 115 S.Ct. 159, 130 L.Ed.2d 97 (1994).
¶ 20 But, of course, the denial of certiorari was not the end of the story here. After the United States District Court for the District of Arizona denied habeas relief, the Court of Appeals reversed, ordering the district court to grant the writ (and thus reduce Styers’ sentence from death to life), unless the State corrected a purported “constitutional error” committed during our direct review of Styers’ sentence. Styers v. Schriro, 547 F.3d 1026, 1036 (9th Cir.2008). The district court then entered an order conforming to the Ninth Circuit’s opinion. Like the majority, supra at ¶ 10 n. 3, I question whether the Ninth Circuit correctly decided this ease. Unfortunately, however, that is not the issue before us.
¶ 21 The district court did not remand this case to us—we are not adjuncts of federal *191 courts exercising habeas jurisdiction and they have no power to order us to conduct further proceedings in criminal cases. See Commonwealth v. Lesko, 15 A.3d 345, 364 (Pa.2011) (noting that habeas corpus is a civil proceeding in which a federal court cannot revise a state court judgment) (citing Fay v. Noia, 372 U.S. 391, 430-31, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)). Rather, the federal court in this ease told the State that if the alleged “error” was not corrected, a writ of habeas corpus would issue. The State then had three choices: (1) do nothing and allow Styers’ sentence to be reduced to life through the writ; (2) request a new sentencing proceeding in the superior court; or (3) ask us to redo our independent review. The State understandably declined Option 1. As for Option 2, the State correctly conceded at oral argument that under Ring, a jury trial on aggravating circumstances would be required in any new superior court sentencing proceeding. But, because the purported constitutional error identified by the Ninth Circuit occurred during direct appeal, not in the superior court, the State quite reasonably decided not to seek a new sentencing proceeding. The State instead chose Option 3, and asked us to conduct a new independent review of the death sentence.
¶22 What separates me from my colleagues is my analysis of the nature of this “do-over.” The statute mandating independent review of death sentences, A.R.S. § 13-755(A), applies to direct review, not to post-conviction proceedings. Indeed, no one contends that the Court today is exercising Rule 32 post-conviction review jurisdiction, and I am unaware of any other context in which we review criminal sentences other than direct review. But more importantly, independent review is the paradigm of direct review—we determine, de novo, whether the trial court, on the facts before it, properly sentenced the defendant to death. Thus, what the State sought in this case—and what the Court has granted—is a new direct review of the death sentence, designed to obviate a constitutional “error” occurring in the original appeal. Styers’ death sentence is therefore plainly not final; after the conditional writ issued, a death sentence could not be imposed without further action from this Court, and Styers can plainly seek further direct review, through certiorari, from the Court’s reinsti-tution of that sentence today.
¶ 23 Because the Court today engages in direct review of the death sentence, Styers is entitled to a jury trial on aggravating factors unless the original jury made the requisite findings or no reasonable jury could have failed to find them. State v. Ring, 204 Ariz. 534, 65 P.3d 915 (2003). The original jury found the facts to support the A.R.S. § 13-751(F)(9) aggravator.[4] But it is undisputed that the jury made no finding as to the § 13-751(F)(6) aggravator, and the State does not argue harmless error. Styers therefore is entitled to a new aggravation phase proceeding as to the (F)(6) aggravator and, under the current version of our death penalty statute, to a jury in the sentencing phase. See Ring, 204 Ariz. at 562 ¶ 89, 65 P.3d at 943.
¶ 24 I understand the attraction of the course taken by the Court today. The procedural difficulties in this ease have been caused by what we believe to be an erroneous decision by the Ninth Circuit. A new sentencing proceeding will result in further delay in this 22-year-old case, and given the circumstances of this crime—the brutal and calculated murder of a young child—it seems unlikely that a new sentencing proceeding will produce a different result than the original one. But such a proceeding, in my view, is constitutionally mandated, and will likely bring this ease to conclusion more promptly than the new round of federal habeas proceedings that will inevitably follow today’s decision.
¶ 25 I therefore respectfully dissent.

. The superior court instructed the jury that an element of one of the non-capital crimes charged was that the victim was under fifteen years of age. The jury found Styers guilty of that crime.